IiiSLEY, J.
The prisoner was tried and convicted on an information for forgery, and sentenced to the penitentiary for the term of five years.
Several points are relied on in this Court for a reversal of the verdict of the jury, and the judgment of the District Court, which are presented-in the following order:
i.That the Court refused to charge the jury that the State must show that the checks charged to have been forged by the prisoner, and the signature thereto affixed sufficiently resemble the genuine cheeks and signatures of Paul Duyan, to deceive persons of ordinary businese observation, otherwise it is not a forgery, and the prisoner must be acquitted.
The Court did not err in refusing so to charge the jury. In Rex v. Mary Mazagora reported in Russell and Ryan’s British Crown Cases, vol. 1, page 291, it was decided by the twelve Judges of England, that “a jury ought to infer an intent to defraud the person who would'have to pay the instrument if it were genuine, although from the manner of executing the forgey, or from that person’s ordinary caution it would not be likely to impose on him, and although the object was general to defraud whoever might take the instrument, and the intention of defrauding, in particular, the person who would have to pay the instrument if genuine, did not enter into the prisoner’s contemplation.”
If there be at any time a bare possibility of fraud, it is enough to constitute the offence. Wharton’s American Criminal Law, 1846, page 338, United States v. Turner, 7 Peters 132. Archibald’s Criminal Pleadings, (1840) 346.
Several bills of exception were also taken by the prisoner’s counsel to the refusal of the Court below:
1. To allow a paper markedL, purportingto be a reportof physicians to show the insanity of the prisoner, to be received as evidence, and also to permit the counsel of the prisoner to examine his client on that point.
2. To admit, in evidence, a letter from a person addressed from Portsmouth, N. H., in answer to a letter from the prisoner’s counsel, in order to show the former history of the prisoner and his insanity, and also to admit the evidence of the former counsel of the prisoner, to show in the opinion of one of them, who was not precluded, the prisoner was insane.
The grounds of objection to this evidence are not stated in the bill of exception, except as to the opinion of the counsel, which was objected to as hearsay.
The Court did not err in rejecting the evidence of the counsel, to prove the opinion of his colleague; it was hearsay. The other matters raised by the bills cannot be noticed, as no grounds are stated in the bills upon which the evidence was'excluded.
3. To charge the jury that they had the pow'er to acquit, if they found insanity in any degree, however slight it might be; and that the statute of the State of Louisiana does not, as the English law, make distinctions an degrees of insanity or mental derangement.
The Court did not err, in refusing thus to charge the jury. The statute of Louisiana introduced no change in the common law, as to the distinctions in degrees of insanity; it merely directed the action of juries, in case á prisoner upon the general issue of not guilty acquitted any person for that cause. R, S., sec. 21.-
*397 Nor did the Court in refusing to permit the counsel for the accused to hand his notes of evidence taken down by him to the jury, to be taken* by it into the jury-room.
' And finally, the Court did not err in its refusal to arrest the judgment, for the reasons stated in the motion, viz: that the report styled “ inquisition” of larceny, was not allowed to go-to the jury, although-made before the trial, and because the notes of evidence made by the counsel were not, allowed to be handed to the jury. These were not legal grounds to be urged in arrest of judgment.
It is therefore ordered, that the judgment of the District Court be affirmed.